**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

────────────────────────────────────

**MIGUEL VASQUEZ,**

               Petitioner,          **02 Civ. 5486 (JGK)**

     – against –           **OPINION & ORDER**

**MICHAEL G. PARROTT,**

               Respondent.

────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

Miguel Vasquez, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking an Order vacating two judgments of conviction. The judgments were entered on December 2, 1996 by the Supreme Court of the State of New York, New York County, on the petitioner's guilty plea to two counts of attempted robbery in the first degree. The petitioner argues that his Sixth Amendment right to the effective assistance of counsel was violated because of a conflict of interest between the petitioner and his trial counsel, Patrick J. Brackley ("Brackley"), and because of Brackley's failure to pursue the petitioner's second pro se speedy trial motion.

The Court has received and reviewed the November 10, 2004 Report and Recommendation of Magistrate Judge Henry Pitman, which recommends that the petition be dismissed. The Report and

Recommendation also recommends that the Court decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253. The Court has also received the petitioner's objection to the Report and Recommendation, which objects to the Magistrate Judge's conclusion that the petitioner has failed to demonstrate a conflict of interest between the petitioner and his former attorney, and to the conclusion that Brackley's failure to support the petitioner's second speedy trial motion did not amount to ineffective assistance of counsel. The petitioner asks that the petition for a writ of habeas corpus be granted or, in the alternative, that a certificate of appealability be granted. (Petitioner's letter dated Nov. 16, 2004 ("Petitioner's Objection").) The petitioner later requested, in the alternative, that his petition be stayed to allow him to exhaust his unexhausted ineffective assistance of counsel claim. (Petitioner's Ltr. dated Aug. 8, 2005.)

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court has reviewed de novo the Magistrate Judge's disposition of the petitioner's claims that there was a conflict of interest between the petitioner and his former attorney, and that the failure of the petitioner's former attorney to support the petitioner's second speedy trial motion amounted to ineffective assistance of counsel. Having conducted

a de novo review, for the reasons explained below and in the Magistrate Judge's thorough Report and Recommendation, the Court finds that the objections are unfounded, and the Court adopts the findings of Magistrate Judge Pitman's Report and Recommendation, except as noted below.

## I.

The following is a summary of the relevant facts.  On September 15, 1995, the petitioner allegedly attempted to rob a victim while threatening him with a knife.  (Transcript dated Nov. 18, 1996 ("Nov. Trans.") at 5, attached at Ex. I to Declaration in Opposition to Petition for a Writ of Habeas Corpus, dated May 20, 2003 ("King Decl.").)  On September 17, 1995, a Complaint was filed against the petitioner, and on October 4, 1995, Indictment No. 8974/95 was filed, which charged the petitioner with attempted robbery in the first degree and various lesser crimes under New York State law.  (Affidavit in Support of Motion to Dismiss Indictment for Denial of Right to Speedy Trial, sworn to Nov. 1, 1996 ("Speedy Trial Aff."), attached to Ex. D to Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus dated Feb. 18, 2002 ("Habeas Petition").)  The defendant was arraigned on Indictment No. 8974/95 on October 19, 1995.  (Affirmation of Susanna De La Pava, dated Dec. 5, 2000 ("De La Pava Aff.") ¶ 4, attached at Ex. G to King Decl.)  On

January 30, 1996, the defendant was arraigned on Indictment No. 11968/95, which charged the petitioner with robbery in the first degree and various lesser crimes. (Id.) On December 19, 1995, Brackley was assigned to represent the petitioner. (Id. ¶ 5.)

On July 15, 1996, Brackley filed a pro se motion, prepared by the petitioner, seeking dismissal of Indictment No. 8974/95 for violation of New York state statutory speedy trial rules. (Motion to Dismiss Indictment, attached at Ex. F to King Decl.) Justice Weissberg denied the motion on July 29, 1996. (Opinion dated July 29, 1996, attached to Ex. F to King Decl.)

On September 13, 1996, the petitioner filed a disciplinary complaint against Brackley with the Departmental Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department (Disciplinary Complaint, dated Sept. 13, 1996, attached to Ex. A to Petition in Support of Writ of Habeas Corpus, dated Feb. 18, 2002.) The complaint alleged that Brackley had failed to meet with the petitioner to discuss his case and had failed to appear on scheduled court dates. (Id.) The complaint also alleged that Brackley had failed to file pre-trial motions with the court or to argue on behalf of petitioner's pro se motions, and that Brackley had lied to the petitioner on several occasions. (Id.) The petitioner made similar allegations in subsequent letters that he sent to the

Disciplinary Committee on September 18, 1996; October 5, 1996;
October 25, 1996; November 23, 1996; and February 3, 1997.
(Letters dated Sept. 18, 1996; Oct. 5, 1996; Oct. 25, 1996; Nov.
23, 1996; and Feb. 3, 1997; attached to Ex. A to Habeas
Petition.)  On February 11, 1997, the Disciplinary Committee
informed the petitioner that it had dismissed the complaint.
(De La Pava Aff. ¶ 17.)  The petitioner subsequently requested
reconsideration of the dismissal, and on May 15, 1997, the
Disciplinary Committee informed the petitioner that, after
conducting an independent review of its decision, it would
adhere to its original decision.  (Id.)

On November 4, 1996, the petitioner submitted a second pro
se motion that again sought dismissal of Indictment No. 8974/95
for violation of New York State statutory speedy trial rules.
(Speedy Trial Aff.)  Brackley did not argue in support of the
petitioner's motion.  (Nov. Trans. at 2-4.)  Justice Wetzel
denied the motion.  (Id. at 4.)

On November 18, 1996, immediately after his motion was
denied, the petitioner pleaded guilty to two counts of attempted
robbery in the first degree in satisfaction of both indictments
as a result of an agreement with the prosecution.  (Id. at 4-
10.)  Pursuant to the agreement, the petitioner was to be
sentenced to five to ten years on both counts, the sentences to

run concurrently. (Id. at 8.) During the plea allocution, Justice Wetzel reviewed the charges against the petitioner and confirmed that the petitioner understood that he was giving up his right to trial by jury and that the petitioner was pleading guilty voluntarily. (Id. at 7-9.) Moreover, before accepting the petitioner's guilty plea, Justice Wetzel confirmed that the petitioner had consulted with Brackley regarding the plea and was satisfied with the service that Brackley provided him. (Id. at 9.)

On December 3, 1996, when the petitioner appeared before Justice Wetzel for sentencing, the petitioner submitted two pro se motions to withdraw his guilty pleas pursuant to New York Criminal Procedure Law § 220.60. (Transcript dated December 3, 1996 ("Dec. Trans."), attached at Ex. J to King Decl., at 2-3.) In his motions, the petitioner alleged, among other things, that he was denied effective assistance of counsel because Brackley failed to argue in support of the petitioner's pro se speedy trial motions, file bail applications, seek dismissal based on the state's delay in providing the petitioner with grand jury minutes, and that Brackley had only informed him about pertinent motions after the petitioner made a complaint to the Departmental Disciplinary Committee. (Motions to Withdraw Guilty Pleas, dated Nov. 30, 1996, attached at Ex. K to King

Decl.)[1]  The petitioner stated that he "didn't want present

counsel to represent [him] for trial" because Brackley was

"neglecting" him.  (Dec. Trans. at 5.)  The motions were denied

and the petitioner was sentenced to two concurrent terms of

imprisonment of five to ten years.  (Id. at 10-11.)

On December 21, 2000, Justice Wetzel denied the

petitioner's motion pursuant to C.P.L. § 440.10 to vacate his

judgment of conviction on both counts.  The Court rejected the

petitioner's argument that there was a violation of the

statutory speedy trial rules.  The Court found that the only

remedy with respect to such alleged violations was a direct

appeal to the Appellate Division.  The Court also denied on the

merits the petitioner's claim that he was denied effective

assistance of counsel because his attorney was subject to a

"conflict of interest" based on the petitioner's pending

disciplinary complaint against his attorney.  The Court found:

"The fatal flaw in the defendant's argument is the assertion

that the mere filing of a complaint with the Disciplinary

Committee creates a conflict requiring the appointment of new

counsel….  This Court emphasizes that there is nothing in the

---

[1] While the Report and Recommendation indicates that Brackley did
not disclose to Justices Weissberg or Wetzel the existence of
the disciplinary complaint, the petitioner's motion disclosed
the complaint.  (Report and Recommendation at 7.)

records to suggest that the disciplinary complaint had merit. To be sure, the filing of a complaint, standing alone, does not create a conflict of interest." (Decision and Order dated Dec. 21, 2000 at 4, attached at Ex. G to King Decl.)

Thereafter, the petitioner appealed to the Appellate Division both his judgments of conviction and the denial of his motion pursuant to C.P.L. § 440.10. The Appellate Division found that the petitioner had received "meaningful representation in connection with his highly advantageous guilty pleas." People v. Vasquez, 731 N.Y.S. 2d. 167, 168 (App. Div. 2001). The Court also found that:

> There was no conflict of interest adversely affecting counsel's representation of the defendant. Defendant's meritless complaint to the Departmental Disciplinary Committee did not create such a prejudicial conflict. . . . Defendant was not deprived of meaningful representation as a result of counsel's failure to pursue defendant's pro se speedy trial motion addressed to the attempted robbery indictment. Based on our examination of the record, we conclude that such motion would have been unavailing.

Id. at 169 (internal citation omitted).

On March 18, 2002, the petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking an Order vacating the two judgments of conviction.[2]

---

[2] The petitioner filed an earlier petition for habeas corpus based on the alleged denial of his right to a speedy appeal.

On November 10, 2004, Magistrate Judge Pitman issued a Report

and Recommendation that recommended that the petition be

dismissed.  (Report and Recommendation, dated Nov. 10, 2004.)

On November 19, 2004, the petitioner filed an objection to

Magistrate Judge Pitman's Report and Recommendation.

## II.

In order to demonstrate ineffective assistance of counsel,

a habeas petitioner must meet both prongs of the following two-

part test established in <u>Strickland v. Washington</u>:

> First, the defendant must show that counsel's
> performance was deficient.  This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed by the Sixth
> Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.  This
> requires showing that counsel's errors were so serious
> as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

466 U.S. 668, 686-87 (1984).

A guilty plea cannot be overturned on the basis of

allegedly inadequate legal advice unless the counsel was not "a

---

This petition was dismissed.  <u>See</u> <u>Vasquez v. Reynolds</u>, No. 00
Civ. 0862, 2002 WL 417183, at *6 (S.D.N.Y. Mar. 18, 2002),
<u>aff'd</u>, 58 Fed. Appx. 533 (2d Cir. 2003).  The current petition
was initially referred to the Second Circuit Court of Appeals
for leave to file a second or successive habeas petition
pursuant to 28 U.S.C. § 2244.  The Court of Appeals determined
that the application was unnecessary because the present
petition is not "successive" within the meaning of 28 U.S.C. §
2244.  <u>See</u> <u>Vasquez v. Parrott</u>, 318 F.3d 387, 390-92 (2d Cir.
2003).

reasonably competent attorney" and the advice was not "within the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687; see also McMann v. Richardson, 397 U.S. 759, 770-71 (1970); Cuyler v. Sullivan, 446 U.S. 335, 344 (1980). In order to demonstrate this, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Moreover, a showing of actual prejudice requires that the petitioner affirmatively show that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

### III.

In his habeas petition, the petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated because of the alleged conflict of interest between the petitioner and Brackley. Where an ineffective assistance of counsel claim is based on a conflict of interest, a showing of prejudice may be presumed if the petitioner's attorney "actively represented conflicting interests," and "an actual conflict of interest adversely affected his lawyer's performance." Strickland, 466 U.S. at 692 (citing Cuyler, 446 U.S. at 350);

Eisemann v. Herbert, 401 F.3d 102, 107 (2d Cir. 2005). "An

'actual conflict,' for Sixth Amendment purposes, is a conflict

of interest that adversely affects counsel's performance."

Mickens v. Taylor, 535 U.S. 162, 172 n.5 (2002). This

presumption only applies if the defendant establishes: 1) an

actual conflict of interest existed, namely "the attorney's and

defendant's interests diverge with respect to a material factual

or legal issue or to a course of action,"; 2) a lapse in

representation demonstrated by the existence of "some plausible

alternative defense strategy not taken up by counsel"; and 3)

"that the alternative defense was inherently in conflict with or

not undertaken due to the attorney's other loyalties or

interests." United States v. Moree, 220 F.3d 65, 69 (2d Cir.

2000) (internal citations and quotations omitted).

In his Report and Recommendation, Magistrate Judge Pitman

found that the Appellate Division had addressed the

petitioner's conflict of interest claim on the merits, and

therefore applied the deferential standard under 28 U.S.C. §

2254(d), which provides that:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim —

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Magistrate Judge Pitman found that the Appellate Division properly concluded that Brackley was not adversely affected by a conflict of interest, and thus that the Appellate Division's denial of this claim was neither contrary to nor an unreasonable application of clearly established law.  (Report and Recommendation, at 24, 29.)

The petitioner objects to this conclusion, arguing that an actual conflict of interest was created when the petitioner filed a complaint with the Disciplinary Committee, and that this conflict improperly caused Brackley to refuse to support the petitioner's second speedy trial motion.  (Petitioner's Objection at 1-3.)  The petitioner argues that Brackley "may have reasonably felt that joining in petitioner's pro se speedy trial motion at a late post-complaining stage could be construed as an acknowledgement by him that he was previously remiss in his duties; an admission that would buttress petitioner's claim that [Brackley] had improperly ignored petitioner's [first] pro

se speedy trial motion," and that therefore it was in Brackley's personal interest to see the petitioner's second speedy trial motion dismissed. (Petitioner's Objections at 3.)

The petitioner's objection is without merit. For the reasons that Magistrate Judge Pitman stated in his careful Report and Recommendation, the petitioner's complaint to the Disciplinary Committee is insufficient to establish that an actual conflict of interest between Brackley and the petitioner existed. The Second Circuit Court of Appeals has repeatedly held that complaints about a defense counsel's performance that allege mere disagreements over tactical decisions, as opposed to more serious allegations such as coercion, do not establish an actual conflict of interest. See Moree, 220 F.3d at 69 (finding that defendant's pro se motion for new counsel, which claimed, among other things, that counsel had failed to seek a speedy trial, and to which defendant's counsel had responded by contradicting defendant's allegations and explaining his own conduct, did not give rise to conflict of interest where defendant did not allege attorney coerced him into pleading guilty); United States v. White, 174 F.3d 290, 295 (2d Cir. 1999) (finding defendant's complaints about his attorney that prompted attorney to defend her actions to judge did not

establish actual conflict of interest where defendant did not allege attorney had engaged in coercion).

Moreover, the fact that the petitioner filed a complaint against Brackley with the Disciplinary Committee does not demonstrate a conflict of interest because the complaint was without merit.  As the Court of Appeals for the Second Circuit has stated, "[a] frivolous complaint against an attorney, or one filed for the purposes of delay, or even one filed for the purpose of obtaining new counsel, would not create a conflict of interest warranting habeas relief of the type sought here." Mathis v. Hood, 937 F.2d 790, 796 (2d Cir. 1991) (distinguishing case as one in which complaint was not frivolous and where attorney was actually admonished by disciplinary committee and therefore habeas relief was merited).  Here, the Disciplinary Committee found the petitioner's complaint regarding Brackley to be without merit, a decision it confirmed after independent review.  Because the complaint was without merit, it cannot form the basis of a conflict of interest for the purpose of obtaining the habeas relief the petitioner seeks.  Id.

In his objection to the Magistrate Judge's Report and Recommendation, the petitioner attempts to distinguish the circumstances of his claim from those of similar cases in which the Court of Appeals found no actual conflict of interest.  The

petitioner makes three points: 1) that the petitioner filed his complaint with the Disciplinary Committee months before pleading guilty; 2) that it was in Brackley's interest to advise the petitioner to plead guilty to avoid discipline or damages for his failure to pursue the petitioner's speedy trial motion; and 3) that Brackley was still defending himself against the petitioner's complaint with the Disciplinary Committee when Brackley advised the plaintiff to plead guilty. (Petitioner's Objection at 4.)

These allegations fail to distinguish the petitioner's claim of a conflict of interest from those that the Court of Appeals found to be without merit in Moree and White. In White, the defendant had complained to the court about his attorney and requested substitute counsel months before the actual sentencing for which White claimed he received ineffective assistance of counsel, and White's attorney defended herself against White's complaints at two sentencing hearings, including the hearing at which White was sentenced. White, 174 F.3d at 292-94. Moreover, even if these distinctions were accurate, they would fail to distinguish the petitioner's claim of a conflict of interest from those dismissed in Moree and White. In Moree and White the Court of Appeals found that a defendant cannot create a conflict of interest merely by expressing dissatisfaction with

his attorney, even if by doing so the defendant forces the attorney to defend the attorney's conduct by explaining the attorney's tactical decisions and disagreement with the defendant. Moree, 220 F.3d at 71-72 ("If the mere making of such an accusation, regardless of lack of justification, ipso facto resulted in a conflict of interest because the attorney cannot defend himself without contradicting his client, district courts would lose control of the criminal cases before them"); White, 174 F.3d at 296 (finding actual conflict of interest does not necessarily arise every time attorney responds to allegations of incompetent representation). The Court of Appeals in both Moree and White held that complaints similar to the ones that the petitioner in this case submitted to the Disciplinary Committee – for example, that counsel failed to move for a speedy trial, failed to prepare adequately, and did not meet with the petitioner – did not create an actual conflict of interest. Moree, 220 F.3d at 72; White, 174 F.3d at 295-96.

The decision by the Appellate Division was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In rejecting the petitioner's claim of an actual conflict of interest, the Appellate Division explicitly relied on the Court of Appeals' decision in Mathis, which had indicated that

unwarranted disciplinary complaints would not constitute an actual conflict of interest.  Given the lack of merit in the petitioner's complaint, as found by the Disciplinary Committee itself and also found by the trial judge who had observed Brackley's conduct, it cannot be said that the decision of the Appellate Division was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

Therefore, there is no merit to the petitioner's objection to the Magistrate Judge's conclusion that no actual conflict of interest existed between the petitioner and his counsel, and, for the reasons explained in detail in Magistrate Judge Pitman's Report and Recommendation, the petitioner has not demonstrated an actual conflict of interest between the petitioner and Brackley.

**IV.**

After determining that there was no conflict of interest under the Cuyler standard for the purpose of establishing prejudice under the Strickland standard, Magistrate Judge Pitman addressed the separate issue of whether Brackley's failure to support the petitioner's second speedy trial motion constituted ineffective assistance of counsel.  Magistrate Judge Pitman found that, unlike the petitioner's claim of conflict of

interest, the petitioner's claim based on Brackley's failure to support the petitioner's second speedy trial motion had not been addressed on the merits by the Appellate Division and that the claim was unexhausted. There was no mention of the second speedy trial motion in the petitioner's brief on appeal, even though the petitioner was represented by new counsel on appeal. The argument was limited to the claim that the petition received ineffective assistance of counsel because trial counsel did not support the petitioner's first speedy trial motion. (Brief for Def.-App., attached as Ex. A to King Decl.)[3]

Magistrate Judge Pitman addressed this unexhausted claim on the merits. 28 U.S.C. § 2254(b)(2); Aparicio v. Artuz, 269 F.3d 78, 91 n.5 (2d Cir. 2001) (finding that federal court could deny application for writ of habeas corpus on the merits, notwithstanding failure of petitioner to exhaust state court remedies). Magistrate Judge Pitman denied the claim, finding that Brackley's failure to pursue the petitioner's second speedy trial motion to dismiss was not objectively unreasonable and did

---

[3] While the petitioner attempted to file a pro se supplemental brief in the Appellate Division raising this issue, his motion for leave to file the brief was denied. See Report and Recommendation at 9 n.2. There is also no indication that the argument of ineffective assistance of counsel for failing to support the second speedy trial motion was raised with the trial court or in the petitioner's motion pursuant to CPL § 440.10. (CPL § 440.10 Motion, attached as Ex. G to King Decl.)

not result in any prejudice to the petitioner because the petitioner's second speedy trial motion was meritless.  (Report and Recommendation at 28-29.)  Magistrate Judge Pitman concluded that the petitioner was not denied effective assistance of counsel, and that the claim should be dismissed.

The petitioner's objection to this part of the Magistrate Judge's Report and Recommendation confuses the standard for establishing a conflict of interest with the standard for establishing ineffective assistance of counsel in general.  The petitioner appears to argue that the Magistrate Judge failed to consider that, for Brackley's failure to support the petitioner's second speedy trial motion to constitute a lapse in representation for the purpose of establishing ineffective assistance of counsel due to a conflict of interest, the petitioner's second speedy trial motion need only have been a plausible alternative defense strategy.  Moree, 220 F.3d at 69-72; Winkler v. Keane, 7 F.3d 304, 309 (2d Cir. 1993).  However, the Magistrate Judge was not addressing the issue of whether Brackley's failure to support the petitioner's second speedy trial motion constituted a lapse in representation for the purpose of establishing ineffective assistance of counsel due to a conflict of interest.  The Magistrate Judge had already found that there was no actual conflict of interest and therefore,

under the standard established in Cuyler, there was no ineffective assistance of counsel due to a conflict of interest. (Report and Recommendation at 18-24.)  Magistrate Judge Pitman then examined the separate issue of whether Brackley's failure to support the petitioner's second speedy trial motion constituted ineffective assistance of counsel under Strickland. (Report and Recommendation at 25-29.)

As explained above, "[i]n contrast to a defendant's claim that counsel is burdened by an actual conflict of interest, a convicted defendant's claim that he was generally deprived of the effective assistance of counsel is subject to a more rigorous test" than whether the strategy counsel failed to pursue was merely a plausible alternative defense strategy. United States v. Feyrer, 333 F.3d 110, 119 (2d Cir. 2003).  The petitioner must demonstrate both that 1) counsel's performance "fell below an objective standard of reasonableness," and 2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688; see also Feyrer, 333 F.3d at 119.  Because Magistrate Judge Pitman had already determined that no actual conflict of interest existed, the Magistrate Judge examined the petitioner's claim that Brackley

had improperly failed to support the petitioner's second speedy trial motion under this more rigorous standard.

Magistrate Judge Pitman substantively analyzed the petitioner's second speedy trial motion and found it without merit.  The Magistrate Judge noted that New York Criminal Procedure Law § 30.30 allows the prosecution six months, or 182 days, to be ready for a felony trial, and that only 136 days were chargeable to the People when the petitioner filed his first speedy trial motion on July 15, 1996.  (Report and Recommendation at 26.)  The Magistrate Judge calculated that only nineteen additional chargeable days passed between July 15, 1996 and when the petitioner filed his second speedy trial motion on November 4, 1996.  (Id. at 27-28.)  The Magistrate Judge concluded that since the 155 days (136 days plus 19 days) chargeable to the People when petitioner filed his second speedy trial motion was well under the 182 days allotted under the New York speedy trial statute, the motion was without merit, and the petitioner had failed to satisfy his burden under Strickland of proving that his attorney's conduct was objectively unreasonable or resulted in any prejudice.  (Id. at 27-29.)

However, in calculating the nineteen chargeable days, the Magistrate Judge found that the period from July 30, 1996 until August 26, 1996 should be excluded because of ongoing plea

negotiations.  (Id. at 27-29, citing People v. Jenkins, 302
A.D.2d 978, 978, 754 N.Y.S.2d 796, 796 (4th Dept. 2003), for the
proposition that time could be excluded for plea negotiations.)
Jenkins held that delay from ongoing plea negotiations could be
excludable if "defendant or defense counsel requested or
consented to such delay."  Id.  The record is unclear as to
whether the defendant or his counsel requested or consented to
this exclusion from speedy trial calculations.  (See Speedy
Trial Aff. at 5.)[4]  On this petition, the respondent does not
rely on ongoing plea negotiations as a basis to exclude that
time, and instead argues that the time should be excluded
because the People were ready for trial on that date but the
trial was adjourned.  (Supp. Mem. at 9; Alyson Gil Ltr. dated
July 15, 2005 ("Gil Ltr.").  This is supported by the transcript
of the argument on the petitioner's second speedy trial motion,
although the transcript is somewhat unclear and the respondent
also points out that there are indications that the petitioner
was not produced on July 30, 1996.  (See Nov. Trans. at 3; Gil
Ltr.)  Therefore, the Court could not adopt the Magistrate
Judge's conclusion that the period from July 30, 1996 until

---

[4] In his supplemental brief to the Appellate Division, the
petitioner protested only periods of time beginning on August
26, 1996, and did not protest the exclusion from July 30, 1996
to August 26, 1996.  See Supp. Br., attached as Ex. G to King
Decl.).

August 26, 1996 was excludable because of ongoing plea
negotiations.

The respondent argues that the Court should find that the
second speedy trial motion was without merit and therefore,
there could be no ineffective assistance of counsel in failing
to support it.  The respondent points out that, on a petition
for habeas corpus from a state court judgment, "a determination
of a factual issue made by a State court shall be presumed to be
correct.  The applicant shall have the burden of rebutting the
presumption of correctness by clear and convincing evidence."
28 U.S.C. § 2254(e)(1).  In this case, Justice Wetzel denied the
second speedy trial motion after listening to the prosecutor's
explanation of exclusions and reviewing the "file, folder," and
concluded that "the People have met their requirement under
Section 30.30, and the defendant's motion is denied."   (Nov.
Trans. at 4.)  However, it is unnecessary to decide the merits
of the second speedy trial motion, particularly in view of the
fact that the petitioner never exhausted his claim that he was
denied effective assistance of counsel for failure to support
that motion.  This argument should be rejected for an
independent reason.

The petitioner's unconditional guilty plea waived all
claims of ineffective assistance of counsel relating to events

prior to the guilty plea that did not affect the voluntariness

of his plea.  See Tollett v. Henderson, 411 U.S. 258, 267

(1973); United States v. Torres, 129 F.3d 710, 715-16 (2d Cir.

1997); United States v. Coffin, 76 F.3d 494, 497-98 (2d Cir.

1996); see also Fields v. Attorney General of the State of

Maryland, 956 F.2d 1290, 1294-95 (4th Cir. 1992) (collecting

cases).

In Tollett, the Supreme Court explained that a knowing and

voluntary guilty plea "represents a break in the chain of events

which has preceded it in the criminal process," and a defendant

"may not thereafter raise independent claims relating to the

deprivation of constitutional rights that occurred prior to the

entry of the guilty plea."  Tollett, 411 U.S. at 267.  The

defendant "may only attack the voluntary and intelligent

character of the guilty plea."  Id.[5]

---

[5] There is an exception to the Tollett rule where state law
permits defendants to appeal certain claims even after pleading
guilty.  Lefkowitz v. Newsome, 420 U.S. 283, 289-90 (1975).  In
Lefkowitz, a habeas petition challenging a New York State court
conviction based on an alleged unconstitutional seizure was not
barred by the petitioner's guilty plea because New York law
permits defendants to appeal suppression claims after pleading
guilty.  Id. at 290; see also People v. Hansen, 738 N.E.2d 773,
776 (N.Y. 2000) (noting that under New York State law, a
defendant pleading guilty may still raise jurisdictional claims
or constitutional claims that "go to the very heart of the
process").  The Lefkowitz exception does not apply here, because
claims of ineffective assistance of counsel relating to events
prior to the plea that do not impact the voluntariness of the

In Torres, the Second Circuit Court of Appeals considered a defendant's claim that he received ineffective counsel both because "he was coerced by his attorney into pleading guilty," and because the same attorney "failed to call witnesses at a pretrial suppression hearing." Torres, 129 F.3d at 715. The Court of Appeals rejected the first claim on its merits, finding that the defendant's plea was completely voluntary and knowing, and rejected the second claim because it did not relate to the guilty plea, and was thus barred under Tollett. Id.

Similarly here, the Court has separately addressed above the merits of the petitioner's claim that his legal counsel during his guilty plea was operating under a conflict of interest. The petitioner's unconditional guilty plea waives the separate claim that he was denied effective assistance of counsel because of his counsel's failure to support the second speedy trial motion, because that motion did not relate to the character of his guilty plea. See Torres, 129 F.3d at 715; Coffin, 76 F.3d at 498; Fields, 956 F.2d at 1296; Smith v. Burge, No. 03 Civ. 8648, 2005 WL 78583, at *11 (S.D.N.Y. Jan.

---

plea do not survive a guilty plea. People v. Petgen, 435 N.E.2d 669, 671 (N.Y. 1982); see also People v. Corwin, 524 N.Y.S.2d 855, 856 (App. Div. 1988) ("A knowing, intelligent and voluntary guilty plea generally waives nonjurisdictional defenses … such as a claim of ineffective trial counsel") (internal citation omitted).

12, 2005); Pryor v. McCoy, No. 96 Civ. 1810, 1997 WL 436809, at *1 (N.D.N.Y. July 25, 1997) (Pooler, J.) ("An unconditional guilty plea … waives ineffective assistance of counsel claims except as they relate to the voluntary nature of a plea.").

Finally, the petitioner requests that a stay be granted so that he can return to state court and exhaust this ineffective assistance claim.  As the Magistrate Judge noted, the Appellate Division denied the petitioner leave to file a supplemental brief on this claim, and it was never presented to the Appellate Division.  (Report and Recommendation at 9 n.2.)

The Court "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims."  Rhines v. Weber, 125 S.Ct. 1528, 1532-33 (2005).[6]  Courts may still deny unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2).  Alternatively, district courts may stay a mixed petition and hold it in abeyance until after the petitioner exhausts any previously unexhausted claims in state court "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at 1535.  In

---

[6] The petitioner was given the opportunity to remove his unexhausted claim from the petition, but he declined to do so. (Petitioner's Ltr. dated Aug. 8, 2005.)

this case, the Court has already determined that the unexhausted claim is meritless in light of the petitioner's guilty plea. Moreover, the petitioner has not demonstrated any good cause for his failure to exhaust this claim. The petitioner was represented by separate counsel, who did not raise this claim on the CPL § 440.10 motion, and who chose to argue to the Appellate Division that the previous counsel was ineffective for failing to adopt the first speedy trial motion, but did not raise a claim regarding the second speedy trial motion. The petitioner suggests that appellate counsel was ineffective for failing to raise the second speedy trial motion issue, but this would be a separate, unexhausted ineffective assistance of counsel claim that would not be the basis for a finding of good cause. Cf. Murray v. Carrier, 477 U.S. 478, 485-92 (1986) (ineffectiveness of counsel only amounts to sufficient cause to excuse a procedural default if it arises to the level of ineffectiveness of counsel under Strickland and that claim of ineffectiveness has itself been exhausted in the state court).

Because the petitioner's claim for ineffective assistance of counsel for failure to support the second speedy trial motion is without merit and was unexhausted without good cause, the Court denies the petitioner's request to stay the petition.

## CONCLUSION

The objections to the Report and Recommendation of Magistrate Judge Pitman are overruled, except as noted above, and the petition for a writ of habeas corpus is denied. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has failed to make a substantial showing of a denial of a constitutional right. The Clerk of the Court is directed to enter Judgment denying the petition and closing this case.

**SO ORDERED.**

**Dated:**     **New York, New York**
          **November 2, 2005**

                                        **John G. Koeltl**
                              **United States District Judge**